DOBBS *v.* SOUTHWESTERN BELL TELEPHONE COMPANY.

4-9831                                          249 S. W. 2d 988

Opinion delivered June 30, 1952.

*Hebert & Dobbs, Lloyd E. Darnell* and *B. W. Thomas,* for appellant.

*Blake Downie* and *McMath, Whittington, Leatherman & Schoenfeld* for appellee.

ROBINSON, J. Appellant, P. E. Dobbs, filed suit against appellee, Southwestern Bell Telephone Company, seeking the penalty provided by statute for failure to furnish service as requested by appellant. The trial court granted appellee's motion to dismiss the complaint after issue was joined and before any evidence was introduced. The court's action had the same effect as sustaining a demurrer to the complaint. The complaint alleges:

"That on July 18, 1949, the plaintiff wrote a letter to the defendant company, demanding a straight line telephone or private line service, a copy of said letter being hereto attached as Exhibit 'A' to this complaint; that in response to prior application filed with the defendant company by the plaintiff for straight line or private line telephone service and the aforementioned letter, a representative of the defendant company called upon the plaintiff on two or three different occasions, on each occasion said representative promised the plaintiff that the desired and requested service would be furnished within a short period of time; that notwithstanding the foregoing promises and the ten (10) days demand in writing requesting the desired service, the defendant company has discriminated against the plaintiff and is now discriminating against the plaintiff by its failure

and refusal to supply the requested service to the plaintiff, although said defendant company has supplied the same service to customers making application for straight line or private line telephone service subsequent to plaintiff's application, and after the date of plaintiff's application has supplied the same service as requested by the plaintiff to the plaintiff's own neighbors and customers and users in the plaintiff's immediate and general vicinity of the City of Hot Springs.''

The letter written by appellant to appellee requesting one party line service, referred to in the complaint, is as follows: ''Approxmiately one year ago application was filed with your office for a straight line private service, to my residence at 400 Dell Street, but as of date I am being furnished with a party line which is very unsatisfactory.

''Since there is no longer an emergency, I am now making a demand that I be furnished equal service to other users and subscribers in this vicinity. As your records will show, my next door neighbor has had a straight line phone for some time. I, therefore, am entitled to the same kind of service and will expect same immediately, otherwise I will take the necessary steps to endeavor to get same.''

Appellee says the action of the trial court in dismissing the complaint should be sustained for three reasons: first, the demand does not give notice that appellant would ask monetary penalties; second, that appellant could not show compliance or offer of compliance with the Company's reasonable rules and regulations; third, the appellant could not show that the Company's failure to furnish immediate one party service was willful.

We think appellant's allegation of discrimination was sufficiently broad to embrace the direct charge that failure to furnish the requested one party line service was willful. As to compliance with the rules and regulations of the Company, or offer to comply therewith, of course it would be a defense for the telephone company,

if, upon request, the applicant for service failed to comply or offer to comply with the Company's reasonable rules and regulations, and the defendant Company would be permitted to allege in its answer and prove that the requested service was not furnished because of the failure on the part of the applicant to abide by such rules, or offer to do so. The complaint, however, is not defective because it does not set out a compliance or offer to comply with the rules. An applicant for telephone service could hardly comply with the rules and regulations, or offer to so comply, until such time as he is informed as to the requirements thereof.

Next, appellee says the demand for one party service made by appellant did not give notice that monetary penalties would be sought, and that, since the demand is made a part of the complaint, it, therefore, shows on its face that applicant is not entitled to recover the penalty.

Ark. Stats. § 73-1816 provides: "Every telephone company doing business in this State and engaged in a general telephone business shall supply all applicants for telephone connection and facilities without discrimination or partiality within ten days after written demand therefor." The statute requires a written demand for the requested service but it does not require the applicant to say in so many words, that, if the service is not furnished, he would attempt to recover the penalty provided by the statute for failure to furnish the service. The demand in writing in itself is notice.

In *Southwestern Bell Telephone Company* v. *Hutton,* 203 Ark. 969, 160 S. W. 2d 201, this court said: "The clear and only purpose of the requirement of the statute under which this suit was brought, that a written demand for service be made, is to put the telephone company on notice that the applicant is applying for service, and that if the same is not furnished the applicant will hold the company liable for the statutory penalty."

A written demand for service is required by statute, but the statute does not require a warning that the appel-

lant will hold the Company liable for the statutory penalty.

Reversed.